IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GEORGE A. ROSS, SR.,

        Plaintiff,

v.                                         CIVIL ACTION NO.   2:25-cv-00449

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS PENSION
BENEFIT FUND and
NATIONAL ELECTRICAL BENEFIT FUND,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Objections to Magistrate Judge Omar J. Aboulhosn's Order Denying Motion to Conduct Discovery* (Document 35).  Pursuant to an *Administrative Order* (Document 3) entered on July 16, 2025, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for discovery disputes.  The *Plaintiff's Motion to Conduct Discovery* (Document 25), seeking leave to permit discovery into potential bias and conflicts of interest, was referred to Judge Aboulhosn.  He entered an *Order* (Document 34) denying the motion to conduct discovery based on case law limiting evidence outside the administrative record in ERISA cases.   The Plaintiff appeals that order.

The assignment of non-dispositive discovery matters to a magistrate judge is governed by Rule 72 of the Federal Rules of Civil Procedure.  Rule 72 stipulates that, when a party objects to a non-dispositive ruling by a magistrate judge, "[t]he district judge in the case must…modify or

set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. of Civ. P. 72(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S. D. W.Va. 1994). Findings of facts by a magistrate judge must be affirmed by the district court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548 (quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984)). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S. D. W.Va. January 28, 2014) (Chambers, C.J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S. D. W.Va. Apr. 19, 2013) (Chambers, C.J.).

The Plaintiff argues that discovery into the Defendants' decision making processes and potential conflicts of interest is necessary because "the same decision makers orchestrated the suspension of Plaintiff's benefits under both funds" and the denial of benefits reflected an interest in keeping proceeds within the funds. (Obj. at 1.) He contends that he adequately pled the conflict of interest, that concerns regarding certain Trustees' dual roles and the fairness of the decision making process rise above speculation, and that the administrative record without discovery would not permit the Court to evaluate the impact of the conflict of interest.

While any conflict of interest will be considered in evaluating whether the suspension of the Plaintiff's benefits was an abuse of discretion or otherwise violated ERISA, additional discovery is not necessary to facilitate the Court's consideration. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). The core issue in this case is relatively straightforward: whether any

provision of the Plan permitted the suspension and clawback of Mr. Ross' pension based on his work as an estimator. Discovery into matters outside the administrative record will not likely assist in resolving that issue. "Generally, consideration of evidence outside of the administrative record is inappropriate when a coverage determination is reviewed for abuse of discretion." *Helton v. AT & T Inc.*, 709 F.3d 343, 352 (4th Cir. 2013) (permitting introduction of evidence known to the administrator at the time it rendered its decision). Even in cases in which denial of benefits is reviewed de novo, the court's evaluation is typically limited to the administrative record. *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 961 (4th Cir. 2022) ("In conducting de novo review of a denial of benefits under ERISA, the district court undertakes a careful examination of the often-voluminous administrative record to determine whether the claimant was entitled to benefits.").

Because there is no indication that discovery will reveal facts outside the record that will impact resolution of the claims, the Court finds that Judge Aboulhosn's order denying discovery was not clearly erroneous or contrary to law. Therefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objections to Magistrate Judge Omar J. Aboulhosn's Order Denying Motion to Conduct Discovery* (Document 35) be **OVERRULED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 9, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA